Jason Crews
1515 N. Gilbert Rd 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:24-cv-02530-DJH |
| Plaintiff, | |
| v. | Motion to Compel Third Party Cellco |
| Adan Bermudez | Partnership DBA Verizon Wireless |
| Defendants. | Compliance with Subpoena Duces tecum |

Plaintiff Jason Crews ("Plaintiff") respectfully moves this Court for: (1) an order compelling immediate compliance with the lawfully served subpoena; (2) an order requiring Cellco Partnership DBA Verizon Wireless ("Verizon") to show cause why it should not be held in contempt; and (3) injunctive relief requiring proper training. In support of this Motion, Plaintiff states as follows:

**INTRODUCTION**

This motion seeks to compel Verizon's compliance with a lawfully served subpoena seeking subscriber information relevant to this litigation. Despite clear precedent from this Court rejecting Verizon's practice of refusing to comply with pro se

1

litigants' subpoenas based on their internal policies, Verizon continues to impose unauthorized requirements and refuse compliance.

**STATEMENT OF FACTS**

1. On or about November 27, 2024, Plaintiff served a subpoena duces tecum on Verizon via regular mail to their designated subpoena compliance address: VSAT, 180 Washington Valley Road, Bedminster, NJ 07921. USPS tracking records confirm delivery on December 2, 2024.

2. Under Federal Rule of Civil Procedure 45(d)(2)(B), Verizon's deadline to serve objections was December 16, 2024 (14 days after service).

3. Under Federal Rule of Civil Procedure 45(d)(3), Verizon's deadline to file a motion to quash or modify the subpoena was December 16, 2024 (14 days after service).

4. The subpoena seeks subscriber information for telephone number 480-417-2184.

5. On December 17, 2024, after both the objection and motion to quash deadlines had passed, at approximately 8:00 AM, Plaintiff spoke with Verizon representative Crystal, who:

- Confirmed the subpoena was logged in their system on December 10, 2024
- Stated Verizon would not comply without "customer consent"
- Claimed they would give the subscriber 10 days to object (which would extend beyond the Rule 45 deadline)
- Could not provide a timeline for compliance due to being "backed up" with "only 10" employees

6. On December 17, 2024, at approximately 2:13 PM, Plaintiff spoke with Verizon representative Patty, who:

- Stated they would not comply with the subpoena because "it is not a court order"

2

- Claimed they required a court order "signed by a judge" before they would comply
- Refused to arrange a meet and confer, stating "we don't have attorneys in this department"

**ARGUMENT**

**I. Immediate Compliance Should Be Compelled**

A subpoena "issued and signed by the Clerk of Court 'is itself a court order.'" Crews v. Sun Solutions AZ LLC, No. CV-23-01589-PHX-DWL, at *3 (D. Ariz. Feb. 20, 2024) (quoting Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983)). The time for objections or motions to quash expired 14 days after service. Yet Verizon continues to impose unauthorized requirements such as "customer consent" and "judge's signature" that find no support in Rule 45.

This Court has previously held that "To the extent Verizon has a policy that it will not comply with court-issued subpoenas that command production directly to a pro se litigant, this policy must give way to court orders compelling compliance." Crews, No. CV-23-01589-PHX-DWL, at *3. Despite this clear precedent, Verizon maintains the same rejected position in this case.

**II. Contempt Proceedings Are Warranted**

Under federal law, contempt proceedings are appropriate when a party "willfully" disobeys a subpoena, meaning they knowingly and intentionally refused to comply without legitimate excuse. See 18 U.S.C. §§ 401, 402. Verizon's conduct in this case clearly meets this standard.

First, Verizon's non-compliance is willful. Their representatives have explicitly stated they will not comply with the subpoena, demonstrating deliberate and intentional refusal rather than mere oversight or misunderstanding. Specifically:

- They acknowledge receipt and logging of the subpoena in their system on December 10, 2024

- They expressly state they "will not comply" because it "is not a court order"
- They demand additional requirements not found in Rule 45, such as "customer consent" and a "judge's signature"

Second, Verizon lacks any legitimate excuse for non-compliance. A subpoena "issued and signed by the Clerk of Court 'is itself a court order.'" Crews v. Sun Solutions AZ LLC, No. CV-23-01589-PHX-DWL, at *3 (D. Ariz. Feb. 20, 2024) (quoting Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983)). Verizon cannot claim ignorance of this principle, as this Court has previously rejected their identical position regarding pro se subpoenas. Their continued insistence on treating subpoenas as something less than court orders demonstrates knowing and intentional disregard for both Rule 45 and judicial authority.

Third, Verizon's conduct appears designed to obstruct legitimate discovery efforts by:

- Imposing unauthorized "waiting periods" for subscriber objections beyond Rule 45's deadline
- Refusing to engage in meet and confer discussions
- Maintaining policies that directly contradict established law
- Creating artificial barriers to compliance not found in the Federal Rules

The burden of proving contempt is met here through:

1. USPS tracking records confirming proper service (Exhibit 1)
2. Verizon's own admission of receiving the subpoena
3. Documentation of their explicit refusal to comply
4. Evidence that their refusal is based on policies this Court has already rejected
5. The absence of any motion to quash or timely objections

This pattern of willful non-compliance, particularly in light of clear precedent rejecting their position, warrants contempt proceedings under 18 U.S.C. §§ 401 and 402.

///

**III. Systemic Reform Through Injunctive Relief is Necessary**

Injunctive relief requiring Verizon to implement proper training and procedures is warranted under the four-part test for injunctive relief in federal court.

A. Irreparable Harm

Plaintiff and other pro se litigants face irreparable harm without injunctive relief. Verizon's systematic refusal to comply with pro se subpoenas creates ongoing obstacles to justice that cannot be adequately remedied through monetary damages alone. Each day of delay in obtaining subscriber information potentially prejudices Plaintiff's ability to pursue claims against the proper parties, locate witnesses, and preserve evidence. Moreover, Verizon's conduct effectively denies pro se litigants their right to utilize the discovery tools provided by the Federal Rules of Civil Procedure, a harm that compounds with each new case.

B. Balance of Equities

The balance of equities strongly favors injunctive relief. Plaintiff and other pro se litigants face significant hardship through inability to conduct legitimate discovery, while Verizon would suffer minimal burden from complying with its existing legal obligations. The requested training and procedural reforms merely require Verizon to do what the law already demands - treat subpoenas as court orders and handle pro se litigants' subpoenas the same as those from represented parties. Verizon regularly responds to subpoenas as part of its business operations; requiring them to do so properly imposes no undue burden.

C. Likelihood of Success

Plaintiff demonstrates a strong likelihood of success on the merits. This Court has already held that Verizon's policy of refusing to comply with pro se subpoenas "must give way to court orders compelling compliance." Crews v. Sun Solutions AZ LLC, No. CV-23-01589-PHX-DWL, at *3 (D. Ariz. Feb. 20, 2024). Verizon's representatives openly admit to maintaining and enforcing policies that directly contradict established

law. Their demand for a "judge's signature" and assertion that a clerk-issued subpoena "is not a court order" directly conflicts with binding Ninth Circuit precedent. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983).

D. Public Interest

Injunctive relief strongly serves the public interest in several ways:

1. Ensures equal access to justice for pro se litigants
2. Promotes efficiency in judicial proceedings by preventing repeated litigation of the same issue
3. Upholds the integrity of Federal Rules of Civil Procedure
4. Prevents corporate entities from imposing extra-legal requirements on court processes
5. Reduces the burden on courts from repeated motions to compel
6. Preserves judicial resources by ensuring proper handling of subpoenas without court intervention

The systematic nature of Verizon's non-compliance, evidenced by their representatives' statements about company policy, demonstrates that case-by-case enforcement is insufficient. Without court-ordered reform, Verizon will likely continue imposing unauthorized barriers to pro se discovery, requiring repeated court intervention and causing ongoing harm to the administration of justice. Only injunctive relief can adequately address this pattern of misconduct and ensure future compliance with Rule 45.

**RELIEF SOUGHT**

Accordingly, Plaintiff respectfully requests that the Court:

1. Issue an order compelling Verizon to:
    a. Immediately comply with the subpoena
    b. Produce all responsive documents within 7 days
    c. Certify compliance to the Court;

2. Issue an order requiring Verizon to show cause why it should not be held in contempt for:

    a. Failing to comply with the lawfully served subpoena

    b. Imposing extra-legal requirements not found in Rule 45

    c. Maintaining policies this Court has previously rejected;

3. Order injunctive relief requiring Verizon to:

    a. Implement mandatory training for subpoena compliance staff regarding Rule 45 obligations

    b. Specifically train staff that pro se litigants have the same rights under Rule 45 as represented parties

    c. Establish procedures for proper handling of subpoenas from pro se litigants;

4. Award Plaintiff reasonable expenses incurred in making this motion; and

5. Grant such other relief as the Court deems just and proper.

Dated this 17th day of December, 2024.

                                                /s/*Jason Crews*

Jason Crews
1515 N. Gilbert Rd 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*