**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-24-02530-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Adan Bermudez, | |
| Defendant. | |

Before the Court is *pro se* Plaintiff's *ex parte* motion to compel Cellco Partnership DBA Verizon Wireless AZ ("Verizon") to comply with a subpoena duces tecum. (Doc. 13). Plaintiff also asks the Court to issue an Order requiring Verizon to show cause why it should not be held in contempt and injunctive relief requiring Verizon to train its employees in how to properly respond to subpoenas. (*Id.* at 1). For the following reasons, the Court grants the motion in part and denies it in part.

**I.     Background**

On September 23, 2024, Plaintiff filed a Complaint in this Court against Defendant Adan Bermudez ("Defendant") alleging violation of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1 at 1). To aid in the identification of the individual, who Plaintiff alleges illegally called his phone numerous times, he asked this Court to issue a subpoena duces tecum against Verizon. (Doc. 12 at 1). This Court issued the Order on November 27, 2024. (Doc. 13 at 1). After the issuance of the Order, Plaintiff sent the subpoena to Verizon via regular mail. (Doc. 14). Attached to Plaintiff's motion

is a United States Postal Service receipt showing that the subpoena was delivered to Verizon on December 2, 2024. (Doc. 14-1 at 1). On December 17, 2024, Plaintiff says he spoke to two Verizon representatives. (*Id.*) The first one stated that Verizon would not comply with the subpoena without customer consent, but did confirm for the Plaintiff that the subpoena had been received. (*Id.*) The second one stated that Verizon would not comply because the subpoena was not a court order. (*Id.*) Verizon refused to timely object to the subpoena or move to quash or modify it with this Court. In December of 2024, Plaintiff filed a Motion to Compel, asking the Court to compel Verizon's compliance with the subpoena duces tecum. (Doc. 14 at 1). Plaintiff also seeks to have Verizon show cause why it should not be held in contempt and for "injunctive relief requiring proper training" of Verizon's employees. (*Id.*)

## II.     Discussion

Under Federal Rule of Civil Procedure 45(d)(2)(B), Verizon was required to object to the subpoena issued by this Court or move to quash it within 14 days of service. *See* Fed. R. Civ. P. 45(d)(2)(B) (requiring an objection to be made within 14 days after the subpoena is served). The subpoena in question was issued and signed by the Clerk of Court. (Doc. 13-1 at 1–3). Subpoenas are court orders, and compliance with them is not optional. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983). Accordingly, the Court will order that Verizon show cause why it did not comply with the subpoena duces tecum as required.

Plaintiff's requests for injunctive relief will be denied as beyond the scope of the Complaint and procedurally improper. *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). Plaintiff's operative Complaint is about Defendant Adan Bermudez allegedly placing illegal telemarketing

calls to Plaintiff's number in violation of the TCPA. (Doc. 1 at 2). Verizon is not a named party in the Complaint, nor has Plaintiff alleged a connection between Verizon's lack of compliance with the subpoena and the alleged conduct that gave rise to this lawsuit: Adan Bermudez's illegal telemarketing phone calls. *Devose*, 42 F. 3d at 471 (establishing the connection required between the operative complaint and the preliminary injunction request for the court to issue an injunction against a third party).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (Doc. 14) is granted in part. Verizon is ordered to **show cause** why it did not comply with this Court's subpoena duces tecum issued on November 27, 2024. (Doc. 13). Plaintiff's request for injunctive relief, however, will be denied.

**IT IS FURTHER ORDERED** that Plaintiff shall serve this Order on Verizon.

**IT IS FURTHER ORDERED** that Verizon shall comply with the subpoena within 14 days of service of this Order.

Dated this 15th day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge