Jason Crews
1515 N. Gilbert Rd 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| Jason Crews, | Case No.: 2:24-cv-02530-DJH |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S EXPARTE MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT, SET SERVICE DEADLINES, AND ISSUE SUMMONS TO ALEJANDRO GARCIA |
| Alejandro Garcia, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(A) and Local Rules of Civil Procedure 15.1(a) Plaintiff hereby respectfully moves the Court to grant leave for Plaintiff to file his First Amended Complaint, of which a red line version has been filed along with this motion, and to instruct the Clerk of the Court to issue Plaintiff's summons of Plaintiff Garcia.

Plaintiff also moves this Court for a 60-days to serve newly identified defendant Alejandro Garcia. In support of this motion, the parties state as follows:

**Background**

- On October 24, 2024, this Court issued its Rule 16 Scheduling Order (Doc. 11) setting various case deadlines.

1

- Defendant has indicated they no longer own or control the telephone number at issue. The Verizon subpoena seeks information that would confirm the actual subscriber associated with this number during the relevant time period.
- With leave of this Court, Doc. 13, Plaintiff has served a subpoena duces tecum on non-party Verizon Wireless seeking subscriber information for telephone number 480-417-2184, which is critical to determining the proper parties to this litigation.
- On May 27, 2025 Verizon complied with the Crews' subpoena providing documents confirming Defendant Bermudez was not owner of the number at any time relevant to the alleged violative calls in Plaintiff's complaint.
- These documents identify Alejandro Garcia as the owner of number which Plaintiff alleges places violative telemarketing calls to him.

**Legal Standard**

Under Rule 15(a), leave to amend is liberally granted and it is an abuse of discretion to deny leave in the absence of a showing of prejudice or bad faith, or without a showing that the proposed amendment is frivolous.[1] See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that 'leave shall be freely granted when justice so requires.' This policy is 'to be applied with extreme liberality.'") (citations omitted); see also *Cooper Dev. Co. v. Emp'rs Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) ("Leave to amend should be denied only when there is a

---

[1] Former FRCP 13(f) provided that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." FRCP 13(f) was, however, abrogated in 2009 because "[w]hen the court's leave is required, the reasons described in Rule 13(f) for permitting amendment to a pleading to add an omitted counterclaim sound[ed] different from the general amendment standard in Rule 15(a)(2) . . . [but should have been administered] according to the same standard directing that leave should be freely given when justice so requires." Fed. R. Civ. P. 13, advisory committee note of 2009.

2

showing of undue delay, bad faith, futility of amendment or prejudice to the opposing party.").

Federal Rule of Civil Procedure 15(a) reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Rule 15(a) has been consistently applied in this district and circuit to grant leave unless there is a showing of prejudice, undue delay, bad faith or "futility of amendment." *Cooper Dev. Co.*, 765 F. Supp. at 1432; see also *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

- The four factors that are relevant to determining whether leave should be granted are: (1) whether there has been undue delay; (2) whether the moving party has acted in bad faith or with a "dilatory motive"; (3) whether the amendment would be futile because the claims appear on their face to be frivolous; and (4) whether the non-moving party would be prejudiced by granting leave to amend. *Foman*, 371 U.S. at 182. In the Ninth Circuit, the non-moving party bears the burden of demonstrating why leave to amend should be denied. See *DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). As set forth below, none of these four factors are present in this case, and leave to amend should be granted.

**Argument**

**Leave to file Plaintiff's First Amended Complaint**

    **A. Amendment Will Not Prejudice Defendants**

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (quotation omitted). There is clearly no prejudice to Defendants, as Mr. Garcia has yet to be served and is not yet a party to this action.

3

In addition, the proposed amendment involve issues that are at the center of Plaintiff's claims in this action. Such as adding another Defendant to this case.

If the Court does not grant leave to amend and does not consider Plaintiff amendment, then Plaintiff will lose its ability to prosecute Plaintiff's claims against defendants. Here, granting leave to amend confers no prejudice upon Defendants and denying leave to amend risks extreme prejudice to Plaintiff. *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltd.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (finding no prejudice where "the issues contained in [the] proposed claims are substantially related to the issues contained in [the] Plaintiffs' Complaint")

### B. Plaintiff has acted in Good Faith in Asserting the Amendment.

Plaintiff is not asserting the amendment for a "wrongful motive." See *DCD Programs*, 833 F.2d at 187. Plaintiff not asserting these claims for any tactical or strategic reason. To the contrary, by filing and serving Mr. Garcia, he will be able to avail himself of all due process.

**Service of Mr. Garcia**

Plaintiff now requests 60 days to add Mr. Garcia to this action through an amended complaint and serve him in this matter.

Good cause exists for the requested extension because:

- Defendant Bermudez should be removed from this action and a notice of dismissal filed this same day is pending.
- Plaintiff has evidence and Mr. Garcia should be added to this action.
- In the interest of justice, Plaintiff should be allowed time to serve new parties brought to light through the Verizon subpoena process, after which Mr. Garcia will need to be allowed time answer Mr. Crews' complaint.
- This request is made in good faith and not for purposes of delay.

4

WHEREFORE, the parties respectfully request that the Court grant leave for Plaintiff to his First amended complaint, instruct the clerk of the court to issue Plaintiff's summons naming Defendant Garcia, and allow 60 days for service of process.

Dated this 29th day of May, 2025.

/s/*Jason Crews*

Jason Crews
1515 N. Gilbert Rd 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By: _____/s/*Jason Crews*_____

Jason Crews