**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-24-02530-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| No Defendant in ECF, | |
| . | |

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 21). Upon review, the Motion will be granted.

**I.   Background**

On September 23, 2024, Jason Crews ("Plaintiff") filed a Complaint in this Court against Defendant Adan Bermudez alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1 at 1). To help Plaintiff identify the individual responsible for placing calls to his cell phone in violation of the TCPA, this Court granted Plaintiff's Motion for a Subpoena Duces Tecum against Verizon. (Doc. 13 at 1). When Verizon refused to comply with the subpoena, this Court also granted Plaintiff's Motion to Compel against Verizon. (Doc. 19). After Verizon's compliance with the Motion to Compel, Plaintiff realized that he did not have the properly named Defendant in this case. (Doc. 21). Now, Plaintiff asks this Court for leave to amend his Complaint to name the proper Defendant. (*Id.*) Based on the reasoning set forth below, the Court believes Plaintiff should be allowed to amend his Complaint.

## II. Legal Standard

"The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin,* 600 F.3d 1191, 1200 (9th Cir. 2010); *see also Foman v. Davis,* 371 U.S. 178, 183 (1962); *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009).

## III. Discussion

The Court finds that all four factors weigh in favor of Plaintiff. To start with, prejudice is the factor that carries the most weight when determining whether leave to amend should be granted. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987). It is incumbent upon the opposing party to bear the burden of showing prejudice. *Eminence Capital*, 316 F.3d at 1052. Examples of prejudice include a need to reopen discovery or the addition of claims or parties. *In re Fritz Companies Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) (citations omitted); *Kaufmann v. Pima Cnty.*, No. CV 11-534 TUC DCB, 2012 WL 12873765, at *4 (D. Ariz. Oct. 22, 2012). Here, there will be no prejudice to the correct defendant if leave to amend is granted. There has been no discovery and no addition of claims. There is also no party currently opposing Plaintiff's Motion. Because of this, the Court finds that this factor—the factor with the most weight—tips in favor of Plaintiff.

The Court also finds that there was no undue delay or bad faith on the part of the Plaintiff. Courts have generally defined bad faith as acting for the wrong reasons or "dishonesty of purpose." *See U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022). That is simply not the case here where Plaintiff is merely seeking to add the correct defendant. This Court has no reason to believe that Plaintiff is acting with a motive or purpose other than to simply prosecute his case. *See Chitimacha*

*Tribe of Louisiana v. Harry L. Laws Company, Inc.,* 690 F.2d 1157, 1164 (5th Cir. 1982) (citation omitted) (noting that "it is improper to amend solely to gain a tactical advantage[ ]"). Therefore, this factor favors Plaintiff.

The remaining factors such as undue delay and futility also provide a strong showing for granting leave. While Rule 15 does not provide a time limit for permissive amendment, delay can prove to be procedurally fatal. *See D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613 (5th Cir. 2023) (outlining the differences between excusable and inexcusable delay). Futility provides another ground for denying leave to amend. *See Ctr. For Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (holding that amendment would be futile when complaint clearly cannot be saved by amendment). Immediately after learning the identity of the proper defendant, Plaintiff filed this Motion with the Court. (Doc. 21). The Court granted Plaintiff's Motion to Compel documents against Verizon on May 15, 2025, and on May 29, 2025, Plaintiff dismissed Adan Bermudez from this lawsuit and now seeks leave to amend. (Doc. 21); Doc. 21). There has been no undue delay on Plaintiff's part. His claim is also not futile and seeks relief under the TCPA, with the proper defendant added to his original Complaint. (Doc. 1); (Doc. 21). All factors for granting leave to amend weigh in favor of Plaintiff and therefore, Plaintiff's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 21) is **granted**. Plaintiff shall file a clean version of his First Amended Complaint within **five (5)** days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall thereafter file proof of service of the summons and Amended Complaint or of waiver of service with the Clerk of Court on or before **September 26, 2025**.

**IT IS FINALLY ORDERED** that unless the Court orders otherwise, on **September 27, 2025**, the Clerk of Court, without further notice, shall **terminate** any

Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 25th day of June, 2025.

Honorable Diane J. Humetewa
United States District Judge